122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alex Mark JUSTMAN, Plaintiff-Appellant,
v.
Imperial County Sheriff-Coroner's Office Sergeant John
LEMON, Defendant-Appellee.
 No. 97-55079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the Southern District of California Gordon Thompson, Jr., District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alex Mark Justman appeals the district court's grant of summary judgment for the defendant, John Lemon, in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgmsnt and its application of qualified immunity. See Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995).
 
 
 4
 Justman contends that Lemon was not entitled to qualified immunity because there are genuine issues of material fact as to whether Lemon lacked probable cause to arrest him without a warrant for spousal abuse. We disagree.
 
 
 5
 Probable cause is defined as "facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (citation and quotations omitted). The qualified immunity inquiry is focused on the "facts and circumstances actually known to the officer" at the time of arrest. Mendocino Envtl. Ctr. v. Mendocino County, 14 F.3d 457, 462 (9th Cir.1994).
 
 
 6
 Here, Lemon presented sufficient facts to show that he had reasonable belief that Justman had inflicted injury upon his wife. See id. According to the evidence in the record, Lemon was notified by dispatch of a 911 call that a couple was fighting alongside a road and was now present at the Sheriff's Office. When Lemon arrived at the Sheriff's Office, he observed Justman in the parking lot removing something from his truck. Lemon temporarily detained Justman until he could investigate further. Lemon then proceeded to talk with Justman's wife, who was already inside the Sheriff's Office. Lemon observed that Justman's wife was dirty and disheveled, that her face was swollen, and that her elbow was bleeding. Accordingly, the district court properly found that an officer in Lemon's position could reasonably believe that Justman had willfully inflicted an injury upon his wife. See Gerstein, 420 U.S. at 111.[1]
 
 
 7
 Justman also contends that the district court erred by admitting into evidence two documents because they were not properly authenticated. This contention lacks merit.
 
 
 8
 Here, Lemon submitted a declaration under penalty of perjury that the crime/incident report and the crime summary information and probable cause declaration were true and correct copies, personally prepared and signed by him at or near the time of the arrest. Such declaration is sufficient to establish authenticity. See Fed.R.Evid. 901(a); United States v. Workinger, 90 F.3d 1409, 1415 (9th Cir.1996).
 
 
 9
 Finally, Justman's argument that both documents were inadmissible hearsay also fails. It is well established that "[e]ntries in a police report based on an officer's observation and knowledge may be admitted." Colvin v. United States, 479 F.2d 998, 1003 (9th Cir.1973). Here, Lemon declared that these documents were based upon his observations and that he personally prepared and signed them.
 
 
 10
 Accordingly, we conclude that Lemon was entitled to summary judgment and affirm the district court's order. See Hervey, 65 F.3d at 788.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Justman also argues that there is no evidence that he actually caused a traumatic condition and that there was no evidence of his criminal intent. This argument is irrelevant to the qualified immunity analysis here. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir.1991) (holding that doctrine of qualified immunity does not require that probable cause to arrest exist)